KAREN P. HEWITT
United States Attorney
REBECCA S. KANTER
Assistant U.S. Attorney
California State Bar No. 230257
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Phone: (619) 557-6747
Fax: (619) 235-2757
E-mail: rebecca.kanter@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS MANUEL BECERRA,<br><br>Defendant. | Criminal Case No. 07cr3442-JAH<br><br>**RESPONSE AND OPPSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY**<br><br>Date: March 17, 2008<br>Time: 8:30 a.m.<br>Court: The Hon. John A. Houston |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Rebecca S. Kanter, and hereby files its Response and Opposition to Defendant's Motion for Discovery. This Response and Opposition is based upon the files and records of this case, together with the attached Statement of Facts and Memorandum of Points and Authorities.

//

//

//

//

//

Criminal Case No. 07cr3442-JAH

**I**

**STATEMENT OF FACTS**

**A.    Defendant's Apprehension**

On November 13, 2007, agents from the U.S. Border Patrol Human Trafficking Unit and Immigration and Customs Enforcement conducted surveillance at 4926 Auburn Dr., San Diego, California. Agents observed Luis Manuel Becerra ("Defendant") at the residence watering plants and cleaning around the front door. Becerra had been previously apprehended in the United States on several occasions, including April 5, 2006, July 26, 2006, and August 4, 2006. On two of these occasions, Becerra was apprehended in the course of harboring or transporting other illegal aliens. Based on this and other information, including Defendant's prior immigration history, Becerra was charged in a single count indictment with Being a Deported Alien found in the United States in violation of Title 8, United States Code, Section 1326(a) and (b) and an arrest warrant was issued.

On January 15, 2008, Becerra was arrested pursuant to the arrest warrant at 4926 Auburn Dr., San Diego, California.

**B.    Defendant's Criminal and Immigration History**

Defendant has numerous arrests and misdemeanor convictions in the Southern California for Solicitation and/or Prostitution. In addition, Defendant has a felony conviction from February 9, 1983, for Robbery in violation of California Penal Code Section 211. Defendant also has a felony conviction from April 22, 1999, for Possession of Marijuana for Sale in violation of California Health & Safety Code Section 11360(a) and 11359, for which he received a sentence of one-year imprisonment.

Defendant appeared before an Immigration Judge for a deportation hearing on April 17, 2006, and was physically removed from the United States to Mexico on several occasions. Defendant was most recently physically removed to Mexico on June 23, 2007.

**C.    Defendant's Post-Miranda Confession**

On January 15, 2008, at approximately 4:14 p.m., Defendant waived his Miranda rights and agreed to be interviewed by Border Patrol Agent G. Medina. Defendant stated he was born in Tijuana, Baja California, Mexico. He stated that he is a citizen and national of Mexico with no documents allowing him to legally remain in the United States. Defendant further stated that he has been

previously deported by an immigration judge, and that he entered the United States by walking up the beach in the fog.

## II

### DEFENDANT'S MOTIONS TO COMPEL DISCOVERY

On January 25, 2008, the Government produced 101 pages of discovery and a DVD which included the reports from the Border Patrol Agents, summaries of the statements made by Defendant, documentation regarding Defendant's criminal history and conviction documents. On February 6, 2008, the Government produced an additional 555 pages of discovery, which included copies of materials collected from Defendant's residences.

**(A)    Defendant's Statements**

The Government recognizes its obligation, under Rules 16(a)(1)(A) and 16(a)(1)(B), to provide to Defendant the substance of Defendant's oral statements and written statements. (Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.) The Government has provided all of the Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this date. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be promptly provided.

**(B)    Arrest Reports and Tangible Evidence**

The Government has provided Defendant with all known reports related to Defendant's arrest in this case. The Government will continue to comply with its obligation to provide to Defendant all reports subject to Rule 16(a)(1)(A) and (B).

The Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy documents and tangible objects that are within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the Government as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. The Government need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

**(C)    Defendant's Prior Record**

1       The Government has already provided Defendant with documentation regarding his prior criminal record, including judgment and conviction documents in the possession of the Assistant U.S. Attorney, and has thereby fulfilled its duty of discovery under Rule 16(a)(1)(D). See United States v. Audelo-Sanchez, 923 F.2d 129 (9th Cir. 1990). The Government has ordered from the Los Angeles Superior Court archives certified conviction documents pertaining to Defendant's 1983 felony Robbery conviction. When those documents are received, the Government will provide those to Defendant.

      The Government will disclose in advance of trial the general nature of any "other bad acts" evidence that the United States intends to introduce at trial pursuant to Fed. R. Evid. 404(b). Evidence should not be treated as "other bad acts" evidence under Fed. R. Evid. 404(b) when the evidence concerning the other bad acts and the evidence concerning the crime charged are "inextricably intertwined." United States v. Soliman, 812 F.2d 277, 279 (9th Cir. 1987).

**(D)  All Evidence Seized**

      The Government has complied and will continue to comply with Rule 16(a)(1)(E)[1] in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy documents and tangible objects that are within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the Government as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. The Government need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

**(E)  Brady Material**

      The Government has and will continue to perform its duty under Brady v. Maryland, 373 U.S. 83 (1963) to disclose material exculpatory information or evidence favorable to Defendant when such evidence is material to guilt or punishment. The Government recognizes that its obligation under Brady covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on behalf of the United States. See Giglio v. United States, 405 U.S. 150, 154 (1972); United

---

[1] Defendant requests evidence pursuant to Fed. R. Crim P. Rule 16(a)(1)(c)[sic]. Because Rule 16(a)(1)(C) pertains to organizational defendants, the Government interprets Defendant's request for evidence seized as a request under Rule 16(a)(1)(E).

States v. Bagley, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not requested by the defense. Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976). "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc).

Brady does not, however, mandate that the Government open all of its files for discovery. See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000) (per curiam). Under Brady, the United States is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the defendant already possesses (see United States v. Mikaelian, 168 F.3d 380-389-90 (9th Cir. 1999) amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or control over. See United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001). Brady does not require the Government "to create exculpatory evidence that does not exist," United States v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that it "supply a defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).

**(F)    Jencks Act Material**

Rule 26.2 incorporates the Jencks Act, 18 U.S.C. §3500, into the Federal Rules of Criminal Procedure. The Jencks Act requires that, after a Government witness has testified on direct examination, the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. §3500(b). For purposes of the Jencks Act, a "statement" is (1) a written statement made by the witness and signed or otherwise adopted or approved by her, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. §3500(e). If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d

1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)). There is no applicable Jencks material at this time. If the case proceeds to trial, the Government will produce any materials covered by the Jencks Act relevant to the testifying witness.

**(G)  Agent's Rough Notes**

The Government has no objection to the preservation of the agents' handwritten notes. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses). However, the Government objects to providing Defendant with a copy of the rough notes at this time. The Government is not required to produce the notes pursuant to the Jencks Act because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The notes are not Brady material because, as discussed further, the notes do not present any material exculpatory information or any evidence favorable to Defendant that is material to guilt or punishment. If, during a future evidentiary hearing, certain rough notes become particularly relevant, the notes in question will be made available to Defendant.

### III

### DEFENDANT'S MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

The Government does not object to the granting of leave to file further motions as long as the further motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion at issue.

### IV

### CONCLUSION

For the foregoing reasons, the Government requests that the Court deny Defendant's motions, except where unopposed.

DATED: March 14, 2008.                    Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/*Rebecca Kanter*
REBECCA S. KANTER

6                    Criminal Case No. 07cr3442-JAH

|   |   |
|---|---|
| 1 | Assistant U.S. Attorney |
| 2 | Attorneys for Plaintiff<br>United States of America |

7         Criminal Case No. 07cr3442-JAH

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07cr3442-JAH |
| | ) | |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| LUIS MANUEL BECERRA, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, REBECCA S. KANTER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Richard B. Rodriguez

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 14, 2008.

                                                              /s/ ***Rebecca Kanter***
                                                             REBECCA S. KANTER